Taher Kameli
Kameli Law, P.C.
P.O. Box 16680
Chicago, Illinois 60616
Telephone: (312) 233-1000
Email: taher@kameli.com
*Counsel for Plaintiffs (pro hac vice application pending)*

Richard C. Miller, F0458
Banes Horey Nie & Miller, LLC
Macaranas Building, First Floor
4165 Beach Road, Garapan
P.O. Box 501969
Saipan, MP 96950
Telephone No. (670) 234-5684
Email: RMiller@pacificlawyers.law
*Local Counsel for Plaintiffs*

FILED
Clerk
District Court

MAR 1 8 2026

for the Northern Mariana Islands
By_____ JP _____
(Deputy Clerk)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| SHINYA MIYAMOTO and MASAYO MIYAMOTO,  Plaintiffs,  v.  KRISTI NOEM, Secretary, U.S. Department of Homeland Security; DEPARTMENT OF HOMELAND SECURITY; RODNEY S. SCOTT, Commissioner, U.S. Customs and Border Protection; JOSEPH N. MAZZARA, Deputy Commissioner, U.S. Customs and Border Protection; JOSEPH B. EDLOW, Senior Official Performing the Duties of Commissioner, U.S. Citizenship and Immigration Services; UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES; DAVID GULICK, District Director, U.S.Citizenship and Immigration Services; and FERDINAND MALLARI, Director, CBP | Case No. CV - 26 - 00004  **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

| | |
|---|---|
| Saipan Port of Entry, or successor custodian, <br><br>        Defendants. | ) <br> ) <br> ) <br> ) |

## I.  INTRODUCTION

This is an action for declaratory and injunctive relief to compel the federal government to perform a nondiscretionary duty: issuing valid proof of lawful permanent resident status in the form of an I-551 (ADIT) stamp to Plaintiffs Shinya and Masayo Miyamoto, both lawful permanent residents holding conditional permanent resident status.

Despite Plaintiff's continuing lawful permanent resident status, the absence of a final order of removal, and DHS's own recognition of his status during removal proceedings, Defendants have refused or failed to issue an I-551 stamp, effectively preventing Plaintiff from traveling, working, and reentering the United States without risk of detention. This refusal is contrary to statute, regulation, and agency policy, and constitutes unlawful agency action and unreasonable withholding under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701–706, as well as grounds for mandamus relief under 28 U.S.C. § 1361.

## II. JURISDICTION AND VENUE

1.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, which grants federal district courts original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States. Plaintiffs' claims arise under federal law, including the Immigration and Nationality Act, the Administrative Procedure Act ("APA"), and federal regulations governing lawful permanent resident documentation. See *Califano v. Sanders*, 430 U.S. 99, 105 (1977); *Spencer Enters., Inc. v. United States*, 345 F.3d 683, 687–88 (9th Cir. 2003).

2

2. This Court also has jurisdiction under the Administrative Procedure Act, 5 U.S.C. §§ 702 and 706, which authorize judicial review of agency action unlawfully withheld or unreasonably delayed. Section 702 waives sovereign immunity for suits seeking non-monetary relief against federal agencies and officers, and § 706 empowers courts to compel agency action that is legally required but unlawfully withheld. See *Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 63–65 (2004); *Sheikh v. U.S. Dep't of Homeland Sec.*, 685 F. Supp. 2d 1076, 1082–83 (C.D. Cal. 2010).

3. This Court further has jurisdiction under the Mandamus Act, 28 U.S.C. § 1361, which authorizes federal district courts to compel an officer or employee of the United States or any federal agency to perform a duty owed to the Plaintiff. Mandamus jurisdiction is appropriate where the Plaintiff has a clear right to relief, the Defendant has a plainly prescribed and nondiscretionary duty to act, and no adequate alternative remedy exists. See *Oregon Natural Res. Council v. Harrell*, 52 F.3d 1499, 1508 (9th Cir. 1995).

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(e)(1) because this action is brought against officers and agencies of the United States acting in their official capacities and because a substantial part of the events or omissions giving rise to the claims occurred in this District. Specifically, the refusal to issue temporary evidence of lawful permanent resident status, including I-551 (ADIT) stamps, occurred within the Commonwealth of the Northern Mariana Islands.

## III. PARTIES

5. **Petitioners Shinya Miyamoto and Masayo Miyamoto** are citizens of Japan and lawful permanent residents of the United States holding conditional permanent resident status pursuant to the EB-5 Immigrant Investor Program.

3

6. **Respondent Kristi Noem** is the Secretary of the U.S. Department of Homeland Security and is responsible for administering the Immigration and Nationality Act.

7. **Respondent United States Citizenship and Immigration Services (USCIS)** is a component of DHS responsible for adjudicating immigration benefit applications.

8. **Respondent Rodney S. Scott** is the Commissioner of U.S. Customs and Border Protection ("CBP"), responsible for overseeing CBP operations nationwide, including inspection and documentation procedures at ports of entry. He is sued in his official capacity only.

9. **Respondent Joseph N. Mazzara** is the Deputy Commissioner of U.S. Customs and Border Protection and is responsible for managing CBP's daily operational functions, including implementation of policies governing inspection and admission of lawful permanent residents. He is sued in his official capacity only.

10. **Respondent Joseph B. Edlow** is the Senior Official Performing the Duties of Director of the U.S. Citizenship and Immigration Services ("USCIS") and is responsible for CBP policies governing inspection, documentation, and admission of lawful permanent residents.

11. **Respondent Department of Homeland Security (DHS)** oversees USCIS and promulgated the challenged policies.

12. **Respondent David Gulick** is the District Director of the United States Citizenship and Immigration Services ("USCIS") office with jurisdiction over the Commonwealth of the Northern Mariana Islands. In that capacity, he is responsible for the administration of USCIS operations within this District, including the issuance of temporary evidence of

lawful permanent resident status, such as Form I-551 (ADIT) stamps. He is sued in his official capacity only.

13. **Respondent Director Ferdinand Mallari, CBP Saipan Port of Entry** is responsible for issuing documentation and stamps to lawful permanent residents at the port of entry.

All Defendants are sued in their official capacities only.

## IV. FACTUAL BACKGROUND

14. Plaintiffs Shinya Miyamoto and Masayo Miyamoto were lawfully admitted to the United States as conditional permanent residents under the EB-5 Immigrant Investor Program. *See* Exs. B, J, and E.

15. Plaintiffs timely filed Form I-829, Petition to Remove Conditions on Permanent Residence, with USCIS. *See* Ex. F.

16. USCIS denied the Form I-829 petitions and issued Notices to Appear, placing Plaintiffs in removal proceedings so that an Immigration Judge may review the denials pursuant to INA § 216A(c)(3)(D). *See* Ex. A; Exs. C–D.

17. Plaintiffs' removal proceedings remain pending, and no final orders of removal have been entered. *See* Exs. C–D; Ex. G ¶ 6; Ex. H ¶ 6.

18. Under governing law, Plaintiffs' conditional permanent resident status continues unless and until terminated by a final administrative order.

19. USCIS previously issued temporary I-551 stamps to Plaintiffs reflecting their continuing lawful permanent resident status. *See* Ex. B; Ex. J.

20. Plaintiffs require valid documentary proof of lawful permanent resident status—specifically temporary I-551 (ADIT) stamps—to travel, work, and reenter the United States without risk of detention. *See* Ex. B; Ex. J; Ex. G ¶¶ 8, 14–15; Ex. H ¶¶ 7, 11–12.

21. Defendants have refused or failed to issue I-551 (ADIT) stamps to Plaintiffs, citing the pendency of removal proceedings or the absence of a scheduled hearing, despite Plaintiffs' continuing lawful permanent resident status. *See* Ex. G ¶¶ 9–13; Ex. H ¶¶ 8–10.

22. Defendants' refusal has effectively deprived Plaintiffs of the incidents of lawful permanent residence, including the ability to travel and reenter safely, and has exposed Plaintiffs to repeated detention and ongoing harm. *See* Ex. G ¶¶ 14–24; Ex. H ¶¶ 11–13.

## V. LEGAL FRAMEWORK

### A. Conditional Permanent Resident Status Continues Unless Terminated by Final Order

23. Plaintiffs Shinya Miyamoto and Masayo Miyamoto are conditional permanent residents who retain lawful permanent resident ("LPR") status unless and until that status is terminated by a final administrative order. Under 8 U.S.C. §§ 1186a and 1186b, a conditional permanent resident who timely files a petition to remove conditions remains in lawful status during adjudication and, if the petition is denied, during removal proceedings conducted to review that denial.

24. DHS regulations confirm this statutory framework. 8 C.F.R. §§ 216.3 and 1216.3 provide that a conditional permanent resident retains all rights, privileges, and responsibilities of lawful permanent residence unless DHS issues a final determination terminating that status. Even where DHS issues a notice of intent to terminate or places the individual in removal proceedings, LPR status continues during the pendency of those proceedings.

25. Congress designed the conditional residence framework to ensure that conditional permanent residents are not stripped of LPR status without due process. Both statutory schemes governing conditional residence—§ 1186a and § 1186b—provide that a conditional resident whose petition is denied is entitled to review in removal proceedings, during which DHS bears the burden of establishing that termination is warranted.

26. Until removal proceedings are completed and a final administrative order is entered, conditional permanent residents remain lawful permanent residents as a matter of law. DHS may not treat a denial of a petition to remove conditions as self-executing termination of status.

27. The Ninth Circuit has repeatedly recognized this statutory and regulatory framework. In *Hui Ran Mu v. Barr*, 936 F.3d 929, 936–37 (9th Cir. 2019), the court explained that the denial of a Form I-829 does not itself terminate conditional permanent resident status, but instead initiates removal proceedings during which the individual retains conditional LPR status until a final order is entered.

28. Similarly, in *Eleri v. Sessions*, 852 F.3d 879, 883 (9th Cir. 2017), the Ninth Circuit emphasized that conditional permanent residents are treated as lawful permanent residents for purposes of the INA and retain that status unless they fail to file a timely petition or their status is affirmatively terminated following due process.

29. These statutory, regulatory, and judicial authorities establish a uniform rule applicable to both Plaintiffs: conditional permanent resident status continues during adjudication and throughout removal proceedings and may be terminated only by a final administrative order. Until such an order issues, Plaintiffs remain lawful permanent residents entitled to the full incidents of that status.

**B. DHS Is Required to Issue Temporary Evidence of Lawful Permanent Residence Where Status Continues.**

30. Federal law recognizes that lawful permanent resident ("LPR") status continues unless and until terminated by a final administrative order of exclusion, deportation, or removal. Under 8 C.F.R. § 1001.1(p), LPR status does not terminate upon denial of a petition or initiation of removal proceedings, but only upon the entry of a final administrative order.

31. Where an individual retains LPR status but lacks a valid Form I-551 card, federal regulations and DHS policy require the issuance of temporary evidence of lawful permanent residence. DHS provides such evidence through a temporary I-551 (ADIT) stamp placed in the individual's passport, which serves as official proof of continuing LPR status.

32. Temporary evidence of lawful permanent residence is necessary for LPRs to exercise the incidents of their status, including employment authorization, international travel, inspection, and lawful reentry to the United States. Without such documentation, an LPR is effectively deprived of the practical ability to work, travel, or demonstrate lawful status to government agencies and employers—outcomes the INA and implementing regulations do not permit where LPR status continues as a matter of law.

33. The Ninth Circuit has recognized that lawful permanent resident status carries ongoing legal consequences and protections that persist until formally terminated. In *Kyong Ho Shin v. Holder*, 607 F.3d 1213, 1217–18 (9th Cir. 2010), the court explained that LPR status is not extinguished absent a final administrative order and that individuals retain the legal incidents of that status during ongoing proceedings. Where status continues, DHS may not treat the individual as lacking lawful permanent residence for documentation or enforcement purposes.

34. This obligation applies equally to conditional permanent residents whose status continues during removal proceedings. As set forth above, conditional permanent residents remain lawful permanent residents unless and until their status is terminated by a final order. DHS therefore may not withhold documentary proof of lawful permanent residence from conditional residents who remain LPRs as a matter of law.

35. The issuance of a temporary I-551 (ADIT) stamp in these circumstances is not a discretionary benefit, but a ministerial, nondiscretionary act required to give effect to continuing LPR status. Once the factual predicates are met—continued LPR status and the absence of a final order of removal—DHS is required to issue temporary evidence of that status.

36. DHS's refusal or failure to issue temporary evidence of lawful permanent residence does not reflect an exercise of discretion; it constitutes a failure to perform a mandatory duty imposed by statute and regulation. Withholding such evidence deprives lawful permanent residents of the ability to exercise rights guaranteed by law and exposes them to detention, travel barriers, and loss of employment despite their continuing lawful status.

## C. Issuance of an I-551 (ADIT) Stamp Is a Ministerial, Nondiscretionary Duty

37. The issuance of a temporary I-551 (ADIT) stamp to a lawful permanent resident whose status continues is a ministerial, nondiscretionary act, not a discretionary benefit. DHS does not possess discretion to deny proof of lawful permanent residence to an individual who meets the statutory and regulatory criteria and whose LPR status has not been terminated by a final administrative order.

38. Once the factual predicates are satisfied—namely, continued lawful permanent resident status and the absence of a final order of removal—DHS is required to issue temporary

documentary evidence of that status. Refusal to do so is not an exercise of agency discretion, but a failure to perform a mandatory duty imposed by law.

39. DHS regulations expressly contemplate and authorize the issuance of temporary evidence of registration and lawful permanent resident status where an individual retains LPR status but lacks a valid Form I-551 card. *See* 8 C.F.R. § 264.5(h). Nothing in the governing statutes or regulations permits DHS to withhold such evidence where status continues as a matter of law.

40. The Administrative Procedure Act authorizes courts to compel agency action that is legally required but unlawfully withheld or unreasonably delayed. Under 5 U.S.C. § 706(1), courts may compel an agency to perform a ministerial or nondiscretionary act that the law requires it to take. *Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 63–65 (2004). Where the legal prerequisites are met, DHS's failure to issue an I-551 (ADIT) stamp constitutes agency action unlawfully withheld.

41. Mandamus relief is likewise available to compel performance of a clear, nondiscretionary duty owed to the Plaintiff. 28 U.S.C. § 1361 authorizes courts to compel federal officers to perform ministerial duties where the duty is plainly prescribed and no adequate alternative remedy exists. Refusal to issue documentary proof of continuing LPR status falls squarely within this category.

42. Failure to issue temporary evidence of lawful permanent residence imposes immediate and substantial harm. Without an I-551 (ADIT) stamp, a lawful permanent resident is effectively unable to work, travel internationally, present for inspection, or reenter the United States without risk of detention—harms that the Immigration and Nationality Act and DHS regulations do not permit where LPR status continues.

43. Federal law further underscores the obligation to provide proof of lawful status. 8 U.S.C. § 1304(d) requires registered noncitizens to be issued evidence of registration, reflecting Congress's intent that lawful status be accompanied by documentation sufficient to demonstrate that status to government officials and third parties.

44. Accordingly, where— as here—lawful permanent resident status continues by operation of law, DHS is required to issue temporary documentary evidence of that status, including an I-551 (ADIT) stamp. DHS's refusal to do so constitutes agency action unlawfully withheld under the APA and is subject to mandamus relief compelling compliance with statutory and regulatory obligations.

## VI. CLAIMS FOR RELIEF

### COUNT I – Administrative Procedure Act (5 U.S.C. § 706(1))

45. Plaintiffs reallege and incorporate by reference paragraphs 1 through 44 as though fully set forth herein.

46. The Administrative Procedure Act ("APA") requires federal agencies to take actions required by law and authorizes courts to compel agency action that is unlawfully withheld or unreasonably delayed. 5 U.S.C. § 706(1). The APA further requires courts to set aside agency actions that are arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, or in excess of statutory authority. 5 U.S.C. § 706(2)(A), (C).

47. Plaintiffs are lawful permanent residents holding conditional permanent resident status, and their status continues as a matter of law because no final administrative order terminating that status has been entered. *See* Exs. C–D; Ex. G ¶ 6; Ex. H ¶ 6. Conditional permanent residents retain the same rights, privileges, and responsibilities as other lawful

permanent residents unless and until status is terminated by final order. *See* 8 U.S.C. §§ 1186a, 1186b; 8 C.F.R. §§ 216.1, 1216.1.

48. Federal regulations and DHS policy require the issuance of temporary documentary proof of lawful permanent residence where an individual retains LPR status but lacks a valid Form I-551 card. DHS provides such proof through a temporary I-551 (ADIT) stamp, which serves as official evidence of lawful permanent residence for employment, travel, inspection, and reentry purposes. *See* 8 C.F.R. § 264.5(h).

49. Because Plaintiffs' lawful permanent resident status has not been terminated by final order, Defendants are legally required to issue temporary evidence of that status. The issuance of an I-551 (ADIT) stamp in these circumstances is a ministerial, nondiscretionary act, not a discretionary benefit.

50. Defendants have refused or failed to issue I-551 (ADIT) stamps to Plaintiffs despite the satisfaction of all statutory and regulatory prerequisites, including continued LPR status and the absence of any final order of removal. This refusal constitutes agency action unlawfully withheld or unreasonably delayed within the meaning of 5 U.S.C. § 706(1).

51. The Supreme Court has made clear that § 706(1) applies where an agency fails to perform a ministerial or nondiscretionary act that it is legally required to take. *Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 63–65 (2004). Here, once Plaintiffs' continuing LPR status is established, DHS has no discretion to withhold documentary proof of that status.

52. Defendants' refusal to issue I-551 stamps is also arbitrary and capricious under 5 U.S.C. § 706(2)(A) because it:

12

    a. Contradicts the statutory and regulatory framework governing conditional permanent resident status;

    b. Treats Plaintiffs as lacking lawful permanent residence despite the absence of any terminating order;

    c. Relies on improper considerations, including the pendency of removal proceedings or the absence of a scheduled hearing, which have no legal bearing on Plaintiffs' entitlement to documentation; and

    d. Deprives Plaintiffs of the incidents of lawful permanent residence without lawful justification.

53. Defendants' conduct is further in excess of statutory authority within the meaning of 5 U.S.C. § 706(2)(C). DHS possesses no statutory authority to deny documentary proof of lawful permanent residence to individuals whose status continues by operation of law.

54. As a direct and proximate result of Defendants' unlawful action and inaction, Plaintiffs have been deprived of the ability to work, travel internationally, present for inspection, and reenter the United States without risk of detention. *See* Ex. B, at 2; Ex. J; Ex. G ¶¶ 14–24; Ex. H ¶¶ 11–13.

55. Plaintiffs have no adequate alternative remedy to compel Defendants to issue the required documentation, and judicial intervention under the APA is therefore necessary to enforce compliance with governing law.

56. Plaintiffs are entitled to relief under the APA compelling Defendants to immediately issue temporary I-551 (ADIT) stamps and prohibiting Defendants from continuing to withhold documentary proof of lawful permanent resident status absent lawful termination of that status.

## COUNT II – Mandamus (28 U.S.C. § 1361)

57. Plaintiffs reallege and incorporate by reference paragraphs 1 through 44 as though fully set forth herein.

58. Under 28 U.S.C. § 1361, federal district courts have original jurisdiction over actions in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the Plaintiff. Mandamus relief is appropriate where (1) the Plaintiff has a clear and certain right to the relief sought; (2) the Defendant has a clear, ministerial, and nondiscretionary duty to act; and (3) no other adequate remedy is available.

59. Plaintiffs have a clear and indisputable right to documentary proof of their lawful permanent resident ("LPR") status. As conditional permanent residents whose status continues as a matter of law and has not been terminated by a final administrative order, Plaintiffs are entitled to evidence of that status sufficient to allow them to work, travel, present for inspection, and reenter the United States without risk of detention. *See* Exs. C–D; Ex. G ¶ 6; Ex. H ¶ 6.

60. Federal regulations governing permanent residence confirm that individuals in removal proceedings retain LPR status until a final order is entered and are entitled to documentary proof of that status during the pendency of proceedings. *See* 8 C.F.R. §§ 216.1, 1216.1. DHS regulations further contemplate the issuance of temporary evidence of lawful permanent residence, including temporary I-551 (ADIT) stamps, where a valid permanent resident card is unavailable. *See* 8 C.F.R. § 264.5(h).

61. The duty to issue temporary I-551 (ADIT) stamps where LPR status continues is ministerial and nondiscretionary. Once the factual predicates are satisfied—continued

14

lawful permanent resident status and the absence of a final order of removal—DHS is required to provide documentary proof of that status. DHS does not possess discretion to withhold such evidence under these circumstances.

62. As the Supreme Court has explained, mandamus is appropriate to compel the performance of a ministerial duty that is "so plainly prescribed as to be free from doubt." *Wilbur v. United States*, 281 U.S. 206, 218 (1930). Plaintiffs do not seek to direct the manner in which DHS exercises discretion; they seek only to compel DHS to perform a mandatory obligation imposed by statute and regulation.

63. Defendants' refusal or failure to issue I-551 (ADIT) stamps does not involve the exercise of judgment or discretion, but instead constitutes a failure to perform a plainly prescribed duty. *See* Ex. G ¶¶ 9–13; Ex. H ¶¶ 8–10. Courts may compel such action where an agency has failed to take a legally required step. *Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 63–65 (2004).

64. Plaintiffs have no other adequate remedy at law to obtain the required documentation. Administrative requests have proven ineffective, and removal proceedings do not provide jurisdiction to compel DHS to issue documentary proof of status. Without mandamus relief, Plaintiffs remain unable to travel safely, face repeated risk of detention, and are deprived of the incidents of lawful permanent residence. *See* Ex. B, at 2; Ex. J; Ex. G ¶¶ 14–24; Ex. H ¶¶ 11–13.

65. Because Plaintiffs have established a clear right to relief, a corresponding clear and nondiscretionary duty on the part of Defendants, and the absence of any adequate alternative remedy, mandamus relief is appropriate to compel Defendants to issue temporary I-551 (ADIT) stamps forthwith.

**COUNT III – Declaratory Relief (28 U.S.C. § 2201)**

66. Plaintiffs reallege and incorporate by reference paragraphs 1 through 44 as though fully set forth herein.

67. This action presents an actual and ongoing case or controversy within the meaning of the Declaratory Judgment Act, 28 U.S.C. § 2201, concerning Defendants' legal obligation to issue documentary proof of lawful permanent resident ("LPR") status to Plaintiffs in the form of temporary I-551 (ADIT) stamps.

68. Plaintiffs are conditional lawful permanent residents whose status continues as a matter of law because no final administrative order terminating that status has been entered. *See* Exs. C–D; Ex. G ¶ 6; Ex. H ¶ 6. Under 8 C.F.R. § 1001.1(p), lawful permanent resident status terminates only upon the entry of a final administrative order of exclusion, deportation, removal, or rescission. Until such an order issues, Plaintiffs remain lawfully present and entitled to the rights and incidents of permanent residence.

69. Conditional lawful permanent residents retain all rights, privileges, and responsibilities of lawful permanent residents unless and until status is affirmatively terminated by final order. Defendants' refusal to issue documentary proof of that status has created immediate and concrete harm, including interference with Plaintiffs' ability to work, travel, present for inspection, and reenter the United States without risk of detention. *See* Ex. B, at 2; Ex. J; Ex. G ¶¶ 14–24; Ex. H ¶¶ 11–13.

70. Federal regulations governing permanent residence require that individuals in removal proceedings who retain LPR status be provided evidence of that status until a final order is entered. *See* 8 C.F.R. § 264.5(h). The issuance of a temporary I-551 (ADIT) stamp

effectuates this requirement by providing official proof of lawful permanent residence during the pendency of proceedings.

71. The Ninth Circuit has recognized that lawful permanent residents remain lawfully present in the United States until a final order of removal is entered and retain the legal incidents of that status during ongoing proceedings. *See Kyong Ho Shin v. Holder*, 607 F.3d 1213, 1217–18 (9th Cir. 2010). Defendants' refusal to issue documentary proof of Plaintiffs' continuing status is inconsistent with this governing legal framework. *See* Ex. G ¶¶ 9–13; Ex. H ¶¶ 8–10.

72. Defendants' actions have created substantial uncertainty regarding Plaintiffs' legal status and Defendants' obligations under the Immigration and Nationality Act and implementing regulations. Absent judicial clarification, Plaintiffs remain subject to repeated enforcement actions and deprivation of rights despite their continuing lawful status. USCIS has previously issued temporary I-551 stamps confirming Plaintiffs' lawful permanent resident status, demonstrating that the issuance of such documentation is routine where status continues. *See* Ex. B; Ex. J.

73. Declaratory relief is therefore appropriate and necessary to clarify and settle the legal relations at issue, to prevent ongoing and future violations of Plaintiffs' statutory rights, and to ensure uniform compliance with governing law. *See* 28 U.S.C. § 2201.

74. Plaintiffs seek a declaration that:

   a. Their lawful permanent resident status continues during the pendency of removal proceedings unless and until terminated by a final administrative order; and

   b. Defendants are required to issue temporary documentary proof of lawful permanent residence, including I-551 (ADIT) stamps, while that status continues.

17

75. Such a declaration will serve a useful purpose in settling the parties' legal rights and obligations and will afford relief from the uncertainty, insecurity, and controversy giving rise to this action.

## COUNT IV – Injunctive Relief
### (5 U.S.C. § 702; Court's Equitable Powers)

76. Plaintiffs reallege and incorporate by reference paragraphs 1 through 44 as though fully set forth herein.

77. Plaintiffs are likely to succeed on the merits because Defendants have a nondiscretionary duty to issue documentary proof of lawful permanent resident ("LPR") status where such status continues and no final administrative order has been entered.

78. Courts within the Ninth Circuit have recognized that DHS and USCIS may not withhold documentation confirming lawful permanent resident status where the individual's status continues as a matter of law. In *Santillan v. Gonzales*, 388 F. Supp. 2d 1065, 1079–80 (N.D. Cal. 2005), the court held that federal law guarantees LPRs the right to documentation reflecting their lawful status and rejected the argument that USCIS possesses unfettered discretion to withhold such documentation.

79. Similarly, in *Fei Wang v. Chertoff*, 676 F. Supp. 2d 1086, 1095–96 (D. Idaho 2009), the court recognized that immigration officials have a nondiscretionary duty to process immigration benefits within a reasonable time and that such duties are enforceable under the Administrative Procedure Act ("APA").

80. Plaintiffs' LPR status continues during removal proceedings because no final administrative order has been entered. *See* Exs. C–D; Ex. G ¶ 6; Ex. H ¶ 6. The Ninth Circuit has confirmed that lawful permanent resident status does not terminate until entry of a final order. *See Kyong Ho Shin v. Holder*, 607 F.3d 1213, 1217–18 (9th Cir. 2010)

18

(recognizing that LPR status continues until a final administrative order is entered pursuant to 8 C.F.R. § 1001.1(p)).

81. Courts have further recognized that conditional permanent residents retain LPR status during adjudication and review proceedings absent final termination. *See Cyrousi v. Kashyap*, 386 F. Supp. 3d 1278, 1286–87 (C.D. Cal. 2019).

82. Because Plaintiffs' status continues as a matter of law, Defendants' refusal to issue temporary I-551 (ADIT) stamps violates governing statutes and regulations and constitutes agency action unlawfully withheld under the APA. *See* Ex. G ¶¶ 9–13; Ex. H ¶¶ 8–10.

83. Plaintiffs will suffer irreparable harm absent injunctive relief. Without temporary I-551 documentation, Plaintiffs cannot reliably demonstrate their lawful permanent resident status for employment, international travel, inspection, and reentry into the United States.

84. Courts within this Circuit have recognized that denial of immigration documentation necessary to maintain employment or professional opportunities constitutes irreparable harm. *See Medina v. U.S. Dep't of Homeland Sec.*, 313 F. Supp. 3d 1237, 1248–49 (W.D. Wash. 2018).

85. Similarly, economic and status-based harms resulting from the denial of immigration benefits may constitute irreparable injury because such harms cannot be remedied through monetary damages. *See Immigrant Legal Res. Ctr. v. Wolf*, 491 F. Supp. 3d 520, 533–35 (N.D. Cal. 2020).

86. Here, Plaintiffs face ongoing risk of detention, interference with employment, travel restrictions, and deprivation of the incidents of lawful permanent residence. *See* Ex. B, at 2; Ex. J; Ex. G ¶¶ 14–24; Ex. H ¶¶ 11–13.

87. The balance of equities strongly favors Plaintiffs. Plaintiffs seek only compliance with existing statutory and regulatory obligations. By contrast, Defendants face no cognizable harm from issuing documentation that federal law already requires.

88. The government's interest in administrative efficiency does not outweigh Plaintiffs' statutory rights or the continuing deprivation of lawful permanent resident protections.

89. The public interest likewise supports injunctive relief. The Ninth Circuit has emphasized that the public interest favors ensuring that federal agencies act within the bounds of statutory authority and comply with the APA. *See Pangea Legal Servs. v. U.S. Dep't of Homeland Sec.*, 512 F. Supp. 3d 966, 974–76 (N.D. Cal. 2021).

90. Courts have further recognized that the public interest is served when immigration laws are applied consistently and lawfully, and when individuals are protected from wrongful agency action. *See Immigrant Legal Res. Ctr. v. Wolf,* 491 F. Supp. 3d at 534–35.

91. Because Plaintiffs are likely to succeed on the merits, face irreparable harm, and because the balance of equities and public interest strongly favor relief, a permanent injunction compelling issuance of temporary I-551 (ADIT) stamps is warranted.

## VII. RELIEF REQUESTED

For the foregoing reasons, Plaintiffs Shinya Miyamoto and Masayo Miyamoto respectfully request that the Court grant the following relief:

1. **Declare that** Plaintiffs **remain lawful permanent residents** whose conditional permanent resident status continues pending the completion of removal proceedings and unless and until terminated by a final administrative order, and that Plaintiffs are entitled to the full rights, privileges, and incidents of lawful permanent residence during that period;

2. **Declare that Defendants' refusal or failure to issue temporary documentary proof of lawful permanent resident status**, including Form I-551 (ADIT) stamps, is unlawful, arbitrary and capricious, contrary to the Immigration and Nationality Act, implementing regulations, and agency obligations, and constitutes agency action unlawfully withheld or unreasonably delayed;

3. **Order Defendants to issue temporary I-551 (ADIT) stamps to Plaintiffs forthwith**, or within a time certain set by the Court, as evidence of Plaintiffs' continuing lawful permanent resident status;

4. **Enjoin Defendants from refusing, withholding, or conditioning the issuance of documentary proof of lawful permanent resident status** to Plaintiffs absent a lawful termination of that status by final administrative order;

5. **Award** Plaintiffs **reasonable attorneys' fees and costs** pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, and any other applicable authority, to the extent Plaintiffs are prevailing parties and the government's position was not substantially justified;

6. **Retain jurisdiction to enforce the Court's order** and to ensure Defendants' ongoing compliance with the statutory and regulatory obligations governing lawful permanent residents; and

7. **Grant such other and further relief as the Court deems just and proper** to remedy Defendants' unlawful conduct and to prevent future violations of Plaintiffs' rights.

**Respectfully Submitted,**

*/s/ Taher Kameli*
Taher Kameli
(Pro Hac Vice application pending)
Kameli Law, P.C.
P.O. Box 16680
Chicago, Illinois 60616

21

Telephone: (312) 233-1000
Email: taher@kameli.com
*Counsel For Plaintiffs*

*/s/ Richard C.Miller*
Richard C. Miller
Banes Horey Nie & Miller, LLC
First Floor, Macaranas Building
4165 Beach Road, Garapan
P.O. Box 501969
Saipan, MP 96950
Telephone: (670) 234-5684
Cell: (670) 789-8176
Email: RMiller@pacificlawyers.law
*Local Counsel for Plaintiffs*

22